# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL SELF,

        Plaintiff,

    v.                                  Case No. 09-CV-991

JODINE DEPPISCH, CAPTAIN PULVOR,
and MARK SCHOMISCH,

        Defendants.

## ORDER

The plaintiff, who is now incarcerated at the Oshkosh Correctional Institution, is proceeding *pro se* on a civil rights complaint under 42 U.S.C. § 1983, alleging that his due process rights were violated at a prison disciplinary hearing at the Fox Lake Correctional Institution on September 30, 2008. The defendants seek summary judgment due to the plaintiff's failure to properly exhaust his administrative remedies.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.* 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## FACTS

On September 30, 2008, the plaintiff, Carl Self, had a conduct report hearing at the Fox Lake Correctional Institution (FLCI), where he was then incarcerated. Self appealed the hearing officer's decision to the Warden on October 1, 2008. On October 7, 2008, before the Warden decided his disciplinary appeal, Self filed Offender Complaint FLCI-2008-26474 regarding the conduct report hearing. The Institution Complaint Examiner (ICE) rejected this complaint on October 8, 2008, because Self had not exhausted the disciplinary process before challenging the

procedural issues in the disciplinary process through the Inmate Complaint Review System (ICRS), as required by Wis. Admin. Code § DOC 310.08(2)(a) and (3).

On October 20, 2008, Self submitted Offender Complaint FLCI-2008-27408, again challenging the conduct report hearing. The ICE rejected this complaint on October 24, 2008, again on the grounds that the appeal process had not been completed. On October 31, 2008, the Warden issued a decision in Self's appeal of his conduct report hearing, affirming the hearing officer's decision. On November 11, 2008, Self submitted a request (which he resubmitted on December 16, 2008, with the required complaint number) for Corrections Complaint Examiner (CCE) review of FLCI-2008-26474, noting that he had appealed his conduct report hearing to the Warden and that the Warden had rejected his appeal. The CCE's office returned this correspondence on December 16, 2008, because Wis. Admin. Code § DOC 310.13(3) provides that the CCE shall not review a rejected complaint.

On November 24, 2008, Self filed Offender Complaint GBCI-2008-30234 regarding his transfer to Green Bay Correctional institution. This complaint was rejected because Wis. Admin. Code § DOC 310.08(2)(b) provides that Program Review Committee (PRC) decisions may not be reviewed through the ICRS.

## ANALYSIS

In support of summary judgment, the defendants offer that the ICRS was an available administrative remedy for Self to challenge whether he received proper due process at his conduct report hearing. The defendants further submit that Self failed

to properly exhaust his ICRS grievances as he did not follow the applicable procedural rule that required him to wait until after the warden decided his disciplinary appeal regarding his conduct report hearing before he could file an ICRS grievance regarding the procedure at that conduct report hearing. In response, Self maintains that he did everything within his power to exhaust his administrative remedies, as he filed numerous complaints which were rejected or denied, wrote to the Warden repeatedly, and was denied unspecified complaint forms while he was in segregation. The defendants reply that Self failed to file his complaints at the proper times, and that he has provided no evidence regarding the specific grievance forms he was allegedly denied.

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a. Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). One purpose of the exhaustion requirement is to allow prison officials time and opportunity to respond to complaints internally

before an inmate initiates litigation. *Id.* at 524-25. To provide officials with sufficient notice, inmates must file grievances at the place and time and with the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must comply with the applicable procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (prisoner does not satisfy exhaustion requirement by filing untimely or otherwise procedurally defective administrative grievances or appeals).

The Wisconsin Administrative Code provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is the administrative remedy available to Wisconsin inmates for complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1). An inmate must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) and 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either sends a recommendation to the "appropriate reviewing authority" or rejects the complaint. Wis. Admin. Code §§ DOC 310.11(2) and 310.11(11).

If the ICE rejects the complaint rather than sending a recommendation to the reviewing authority, the inmate may appeal within ten days, "only to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint," and whose decision is final. Wis. Admin. Code § DOC 310.11(6). The CCE shall not review a rejected complaint. Wis. Admin. Code § DOC 310.13(3).

In this case, Self filed multiple ICRS grievances, and also wrote to the Warden repeatedly regarding the injustice he believed he suffered at his conduct report hearing. Prison officials were hardly unaware of his grievance, and certainly had ample opportunity to respond before he filed this lawsuit. It is unfortunate that they did not more closely examine Self's due process allegations regarding the manner in which his hearing was conducted. If true, those allegations would have likely warranted a re-examination of whether Self was properly found guilty of gang-related conduct. Nonetheless, Self's filings violated the ICRS rule requiring exhaustion of a disciplinary appeal before filing of an ICRS complaint challenging procedures related to a conduct report.

Self filed both of his ICRS grievances regarding the lack of due process at his hearing **before** the Warden rejected his disciplinary appeal on October 31, 2008. Under the ICRS rules set forth in Wis. Admin. Code § DOC 310.08(2)(a) and (3) combined with § DOC 310.09(6), Self needed to file an ICRS grievance regarding the procedures used in his disciplinary process within fourteen days **after** receiving that decision. However, instead of filing a new ICRS grievance regarding the lack

of due process at his conduct report hearing after the Warden rejected his disciplinary appeal, Self requested CCE review on November 11, 2008, and on December 16, 2008, of his rejected ICRS grievance. Such review was denied because Wis. Admin. Code § DOC 310.13(3) provides that the CCE shall not review a rejected complaint.

Self also filed another ICRS grievance on November 24, 2008, but this grievance challenged his transfer to another prison rather than his disciplinary process, and was correctly rejected for improperly raising an issue regarding a program review committee's decision in violation of Wis. Admin. Code § DOC 310.08(2)(b). There is no indication in the record that Self was denied complaint forms in the fourteen days after he received the Warden's October 31, 2008 rejection of his appeal and, in fact, he filed his request for CCE review within that period. He submits an inmate complaint history report showing that he complained on January 8, 2009, and January 28, 2009, of being denied an adequate amount of forms – but this was long after his mid-November deadline had elapsed to file a complaint regarding any due process violation at his conduct report hearing. Thus, by filing his ICRS complaints prematurely, and attempting to improperly appeal their rejection to the CCE rather than refiling them after exhausting the disciplinary process, Self failed to properly exhaust his administrative remedies regarding his claim that his due process rights were violated at his conduct report hearing. This action must, therefore, be dismissed without prejudice pursuant to 42 U.S.C.

§ 1997(e)(a). *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[*A*]*ll* dismissals under § 1997(e)(a) should be without prejudice.") (emphasis in original).

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment due to the plaintiff's failure to properly exhaust his administrative remedies (Docket #17) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to dismiss the defendants' summary judgment motion (Docket #25) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** without prejudice, pursuant to 42 U.S.C. § 1997(e)(a).

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge